Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. **C-3011-20-C** _____

| | | |
|---|---|---|
| **RODOLFO RIVAS LEAL** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **ROCIA KARINA GUTIERREZ DE** | § | |
| **HOYOS D/B/A BORDER FREIGHT** | § | |
| **AND JUAN HUMBERTO** | § | |
| **HERNANDEZ MUNIZ** | § | |
| **DEFENDANTS** | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **RODOLFO RIVAS LEAL** complaining of **DEFENDANTS ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT and JUAN HUMBERTO HERNANDEZ MUNIZ** (hereinafter referred to by name and/or "DEFENDANTS") and for cause of action would respectfully show the Court the following:

<u>**I.  DISCOVERY PLAN AND DISCOVERY REQUESTS**</u>

**PLAINTIFF** intends to conduct discovery under Level 3 pursuant to Rule 190, Texas Rules Civil Procedure.

**PLAINTIFF** requests pursuant to Rule 194, 196, 197 and 198 that **DEFENDANTS** disclose within fifty (50) days of filing of service of this request, the information or material described in Rule 194.2 A – L of the Texas Rules of Civil Procedure and the Interrogatories, Production and Admissions herein attached as Exhibit "A".  The original answers are to be forwarded to **PLAINTIFF'S** attorney of record.

<u>**II. THE PLAINTIFF**</u>

**RODOLFO RIVAS LEAL,** (hereinafter referred to by name and/or "PLAINTIFF'S") is a resident of HIDALGO County, Texas.

<u>**III. THE DEFENDANTS**</u>

**DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT**, is a non-resident business entity doing business in the County of HIDALGO in the State of Texas, and may be served with process by serving <u>**J. BRUCE BUGG JR.,**</u> the Chair of

1

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3011-20-C**

the Texas Transportation Commission in accordance to the Texas Civil Practice and Remedies Code Section 17.062 and 17.604 at: 125 E. 11th St., Austin, Texas 78701. Defendant **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT** can be served by J. Bruce Bugg Jr., Chair of the Texas Transportation Commission, at 220 Calle La Paz, Reynosa, Tamaulipas, Mexico 88631.

  **DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ,** is a non-resident individual that may be served with process by serving **J. BRUCE BUGG JR.,** the Chair of the Texas Transportation Commission in accordance to the Texas Civil Practice and Remedies Code Section 17.062 and 17.604 at: 125 E. 11th St., Austin, Texas 78701. Defendant **JUAN HUMBERTO HERNANDEZ MUNIZ** can be served by J. Bruce Bugg Jr., Chair of the Texas Transportation Commission, at 220 Calle La Paz, Reynosa, Tamaulipas, Mexico 88631.

## IV. ASSUMED NAMES

  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, PLAINTIFF'S is suing any partnership, unincorporated association, a private corporation or individual whose name contains the words or who does business under or as **BORDER FREIGHT.** It is the intent of PLAINTIFF'S to file a lawsuit against the owners, occupiers, property managers and/or controllers of the following vehicle:  Vin Number: 1GC4YLE7XLF186231, Texas License Plate: NHW5428.

## V. JURISDICTION AND VENUE

  PLAINTIFF brings this suit to recover damages against DEFENDANTS for sustained losses, damages and personal injuries suffered by PLAINTIFF'S as a result of an accident that occurred in HIDALGO County, Texas. PLAINTIFF has sustained damages in a monetary relief over $1,000,000.00 within the jurisdictional requirements of this Court. Venue of this proceeding is proper in HIDALGO County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1) since HIDALGO County is the County where all or a substantial part of the events or omissions giving rise to the claim occurred.

## VI. BACKGROUND FACTS

  On or about APRIL 9, 2019, PLAINTIFF **RODOLFO RIVAS LEAL** was involved in a car crash with another vehicle operated by **DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ,** caused by **DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ'S** negligence. Specifically, **PLAINTIFF RODOLFO RIVAS LEAL** was driving his 2010 Black

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3011-20-C**

Chevrolet Silverado on the inside lane on Interstate Highway 2 in Weslaco, Texas. DEFENDANT JUAN HUMERTO HERNADEZ MUNIZ was driving a 2019 White Kenworth K270/K370 tractor and was towing a trailer in the middle lane to the right of Plaintiff RODOLFO RIVAS LEAL. DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ changed lanes when unsafe into PLAINTIFF'S lane and struck PLAINTIFF'S right front quarter with the left back quarter of the trailer it was towing. As a result of the car crash, **PLAINTIFF** suffered severe personal injuries.

## VII. CAUSES OF ACTION AGAINST DEFENDANTS

PLAINTIFF incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein. PLAINTIFF'S asserts claims against DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ for its responsibility of PLAINTIFF'S damages as follows:

**A.** **NEGLIGENCE**

PLAINTIFF has a negligence cause of action against DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ, because he meets the following required elements:

1.  The DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ owed a legal duty to the PLAINTIFF;

2.  The DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ breached the duty; and

3.  The breach proximately caused the PLAINTIFF'S injuries.

Defendant JUAN HUMBERTO HERNANDEZ MUNIZ, was negligent with respect to the acts and omissions described below. Defendant's negligence consisted of, but is not limited to, the following:

a.  Failing to keep a proper lookout for PLAINTIFF; *Texas Transportation Code §545.401*;

b.  Failing to avoid the incident in question;

c.  Driver inattention; *Texas Transportation Code §545.401;*

d.  Taking faulty evasive action;

e.  Distracted driving; *Texas Transportation Code §545.401*;

3

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3011-20-C**

Each of these acts and/or omissions of Defendant JUAN HUMBERTO HERNANDEZ MUNIZ, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the car accident and injuries and other losses as specifically set forth herein, all of which PLAINTIFF suffered and will continue to suffer in the future. PLAINTIFF suffers and will continue to suffer in the future.

**B.      RESPONDEAT SUPERIOR**

PLAINTIFF has a cause of action against **DEFENDANT ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT**, under the theory of respondeat superior because he meets the following required elements:

    a.     The PLAINTIFF was injured as a result of the tort;

    b.     The tortfeasor was an employee of the defendant; and

    c.     The tort was committed while the employee was acting within the scope of employment; that is, the act was

        (1)    within the employee's general liability,

        (2)    in furtherance of the defendant's business;

        (3)    in furtherance of the object for which the employee was hired.

At all times pertinent, DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT**, and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards PLAINTIFF'S by:

    a.     Failing to train its employees regarding proper procedures on towing and/or hauling other vehicles;

    b.     Failing to supervise its agents, servants and/or employees to insure the safety of other drivers in their parking lot;

    c.     Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

    d.     Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

4

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3011-20-C**

These conditions and activities existed despite the fact that DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT**'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was a likelihood of a person being injured as occurred to PLAINTIFF'S.

Furthermore, PLAINTIFF'S would show the Court that had DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT** agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of JUAN HUMBERTO HERNANDEZ MUNIZ, constituted negligence which was and is a direct and proximate result of PLAINTIFF'S serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT**, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT** are further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior.*

## C.   NEGLIGENT ENTRUSTMENT

PLAINTIFF has a negligent entrustment cause of action against DEFENDANT **ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT** because PLAINTIFF'S meets the following required elements:

    a.    The owners entrusted its vehicle to another person;

    b.    That person was an unlicensed, incompetent, or reckless driver;

    c.    The owners knew or should have known the driver was unlicensed, incompetent,

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3011-20-C

or reckless;

d.  The driver was negligent on the occasion in question; and

e.  The driver's negligence proximately caused the PLAINTIFF'S injury.

## X. PLAINTIFF'S DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, PLAINTIFF'S was caused to suffer, and to incur the following damages:

A.  Reasonable medical care and expenses in the past.  These expenses were incurred by PLAINTIFF'S for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HIDALGO County, Texas;

B.  Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

H.  Loss of earning capacity which will, in all probability, be incurred in the future;

I.  Mental anguish in the past; and

J.  Mental anguish in the future.

K.  Property damage

L.  Loss of use

Electronically Filed
9/2/2020 1:11 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3011-20-C**

## IX. PRAYER

WHEREFORE, **PLAINTIFF** requests that **DEFENDANTS** be cited to appear and answer and that, on final trial, **PLAINTIFF'S** has the following:

A.      Judgment against **DEFENDANTS** in a monetary relief over $1,000,000.00 within the jurisdictional limits of this court;

B.      Prejudgment and post judgment interest as provided by law; and

C.      Such other relief to which **PLAINTIFF** may be justly entitled.

                      **Respectfully submitted,**

                      **LAW OFFICES OF MARIO DAVILA, PLLC**
                      **P.O. Box 3726**
                      **McAllen, Texas 78502**
                      **Telephone (956) 682-3535**
                      **Facsimile (956) 682-3550**

                      **BY: _____/S/Ruy Mireles_____**
                            **RUY MIRELES**
                            **Texas State Bar No.: 24090268**
                            **MARIO DAVILA**
                            **Texas State Bar No.: 24045750**
                            **Email RuyMDlaw@gmail.com**
                            **EserviceMDLawLitigation@gmail.com**
                            **Attorney for PLAINTIFF**

**C-3011-20-C**

# EXHIBIT "A"

**C-3011-20-C**

## <u>PLAINTIFF RODOLFO RIVAS LEAL'S FIRST SET OF INTERROGATORIES TO DEFENDANT ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT</u>

1.      Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by:  full name, address, telephone number, job title, place of employment, date of birth and social security number.

**<u>ANSWER:</u>**

2.      Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

**<u>ANSWER:</u>**

3.      Please describe the educational background of DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, by listing the names and locations of all educational institutions attended.  Identify any diplomas, degrees and/or certifications received and the dates of graduation.

**<u>ANSWER:</u>**

4.      Describe how the accident made the basis of this lawsuit occurred.  Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

**<u>ANSWER:</u>**

5.      List each place DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

**<u>ANSWER:</u>**

6.      If DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, was not an employee of DEFENDANT ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, at the time of the subject accident, please describe the relationship of DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ with DEFENDANT ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

**<u>ANSWER:</u>**

**C-3011-20-C**

7.     State whether DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.

**ANSWER:**

8.     Has DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, ever been involved in any accident either ten (10) years prior to or subsequent accident made the basis of this lawsuit including, but not limited to, motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting accidents, or any other type of accidents.  If so, please state when such accident took place, describe the nature of any injuries sustained in any such accident, and give the name, address and telephone number of any health care provider who was consulted or who treated DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ for such injury.

**ANSWER:**

9.     Please state whether DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, has ever been involved in any other incident while operating a vehicle owned, operated and maintained by DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT., at any time prior to or subsequent to the subject accident of APRIL 9, 2019.  If so, please state the date of each accident, all parties involved in each accident by full name and address, describe the nature of any injuries sustained in each accident and whether a claim and/or lawsuit was filed against DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT and, if so, please provide the claim numbers and/or Court and cause numbers for each lawsuit filed.

**ANSWER:**

10.     Please state in detail the employment history for DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ for the last ten (10) years up to the date of the accident made the basis of this lawsuit, including the names and addresses of all employers and immediate supervisors, job titles, specific job duties, wages (hourly or weekly) or salary, and all reasons for leaving each employment.  If DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, was self-employed during this period of time, please indicate the periods of self-employment, the type of work performed, the rate of pay, the total amount of wages received, and the reason for termination of that self-employment.

**ANSWER:**

11.     Has DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ, ever been a party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim with respect to personal injuries such as in the present cause?  If so, state the nature of the lawsuit, the Court where each such lawsuit is pending or took place, and include the complete style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending and, if not, the final

C-3011-20-C

disposition of the case.  If no lawsuit was filed, state the nature of each personal injury claim, the result of the claim and the party to whom the claim was made.
**ANSWER:**

12.     Describe in detail any conversations DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ has had with Plaintiff or Plaintiff's representatives at any time following the subject motor vehicle accident (i.e., at the scene of the subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).

**ANSWER:**

13.     Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's, truck, tractor and/or trailer involved in the subject accident of APRIL 9, 2019 at the time of the occurrence of the subject accident up to and including the present date.

**ANSWER:**

14.     Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on APRIL 9, 2019:

         (a)     Comparative negligence or other fault on the part of the Plaintiff;

         (b)     Comparative negligence or other fault on the part of Defendants; and/or

         (c)     Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entitles not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

**ANSWER:**

15.     Do you deny that you were negligent in the car accident involved herein? If so, state each and every fact upon which the denial of negligence is based.

**ANSWER:**

16.     Please provide the following information concerning all cell phones, iPads, tablets or other mobile devices in the vehicle that you were driving at the time of the subject car accident:

         (a)     The phone number for each device;

         (b)     The carrier for each device;

**C-3011-20-C**

(c)     What the device was (for example, was it an iPhone 10, a Samsung Galaxy, etc.); and

(d)     Whether you were using the device at the time of the crash or the five minutes preceding the crash.

**ANSWER:**

**C-3011-20-C**

### PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANTS ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT AND JUAN HUMBERTO HERNANDEZ MUNIZ

1.      Produce the complete <u>investigation file of your insurance company</u>, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, inter office records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

**RESPONSE:**

2.      Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

**RESPONSE:**

3.      Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

**RESPONSE:**

4.      Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

**RESPONSE:**

5.      Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:**

6.      Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

**RESPONSE:**

**C-3011-20-C**

7.      Produce a copy of the *Curriculum Vitae*, if available, for each expert Defendants intend to utilize in this case.

**RESPONSE:**

8.      Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE:**

9.      Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

10.      Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a result of or relating to this lawsuit.

**RESPONSE:**

11.      Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

**RESPONSE:**

12.      Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ, was operating at the time of the subject motor vehicle accident.

**RESPONSE:**

13.      Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ, was operating at the time of the subject motor vehicle accident dated from SEPTEMBER 1, 2018 up to and including APRIL 9, 2019, the date of the subject motor vehicle accident.

**RESPONSE:**

14.      Produce a copy of Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ'S personal driver's license and commercial driver's license.

**RESPONSE:**

**C-3011-20-C**

15.     Produce a copy of Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ'S social security card.

**RESPONSE:**

16.     Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

**RESPONSE:**

17.     Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

**RESPONSE:**

18.     Produce copies of all repair and maintenance records and vehicle inspections concerning Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's vehicle involved in this cause, both two (2) years before and at all times after the subject accident.
**RESPONSE:**

19.     Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

**RESPONSE:**

20.     Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

**RESPONSE:**

21.     Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

**RESPONSE:**

22.     Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

**RESPONSE:**

23.     Produce copies of all documentation in the possession of Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, pertaining to Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ including, but not limited to, his entire personnel and/or

C-3011-20-C

employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of JUAN HUMBERTO HERNANDEZ MUNIZ, contractor agreements, payroll records, time cards, etc.).

**RESPONSE:**

24.     Produce a copy of Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ'S payroll records containing dates and times on and off from work from FEBRUARY 1, 2020 TO JULY 1, 2020.

**RESPONSE:**

25.     Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

**RESPONSE:**

26.     Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

**RESPONSE:**

27.     Produce a copy of Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ'S log book, if any, from FEBRUARY 1, 2020 TO JULY 1, 2020.

**RESPONSE:**

28.     Produce the original or a copy of the log book for Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's vehicle involved in the subject accident on APRIL 9, 2019.

**RESPONSE:**

29.     Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ pertaining to the subject motor vehicle accident.

**RESPONSE:**

30.     Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ, at the time of the subject accident, in effect on or about APRIL 9, 2019, and all subsequent versions of each document to the present date.

**C-3011-20-C**

**RESPONSE:**

31.     Produce any and all materials provided by Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, to Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about APRIL 9, 2019, and all subsequent versions of each to the present date.

**RESPONSE:**

32.     Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

**RESPONSE:**

33.     Produce a copy of the duty status reports of Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's driver, Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ, dated from FEBRUARY 1, 2020 TO JULY 1, 2020 and all Daily Log documents).

**RESPONSE:**

34.     Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT and its driver, Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ.

**RESPONSE:**

35.     Produce a copy of the route slip(s) for the twenty-four (24) hour period of time before 1:07 p.m. on APRIL 9, 2019 and for the twelve (12) hour period following.

**RESPONSE:**

36.     Produce a copy of Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's daily vehicle inspection reports pertaining to the vehicle involved in the accident of APRIL 9, 2019 dated from FEBRUARY 1, 2020 TO JULY 1, 2020, including all records that verify safety defects and certified corrections of safety defects.

**RESPONSE:**

C-3011-20-C

37.     Produce any and all documents (from FEBRUARY 1, 2020 TO JULY 1, 2020) relating to Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT's vehicle (which includes vehicle unit) which was involved in the APRIL 9, 2019 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

**RESPONSE:**

38.     Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

**RESPONSE:**

39.     Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, JUAN HUMBERTO HERNANDEZ MUNIZ' and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

**RESPONSE:**

40.     Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

**RESPONSE:**

11

**C-3011-20-C**

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT AND JUAN HUMBERTO HERNANDEZ MUNIZ

1.      Admit that on APRIL 9, 2019 a car crash occurred between a vehicle driven by JUAN HUMBERTO HERNANDEZ MUNIZ and/or owned by Defendant, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, by crashing into PLAINTIFF when changing lanes when unsafe onto PLAINTIFF RODOLFO RIVAS LEAL vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

2.      Admit that the car accident occurred on Interstate Highway 2 in Weslaco, Texas.

ANSWER

ADMIT/DENY    CHOOSE ONE

3.      Admit DEFENDANT'S ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, vehicle was driven by DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ at the time of the impact.

ANSWER

ADMIT/DENY    CHOOSE ONE

4.      Admit that the DEFENDANT JUAN HUMBERTO HERNANDEZ MUNIZ'S vehicle was driving suffered visible damage.

ANSWER

ADMIT/DENY    CHOOSE ONE

5.      Admit that the portable restroom being used by PLAINTIFF, RODOLFO RIVAS LEAL, suffered visible damage.

ANSWER

ADMIT/DENY    CHOOSE ONE

6.      Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ consumed alcoholic beverages within 24 hours prior to the car accident.

ANSWER

12

**C-3011-20-C**

ADMIT/DENY    CHOOSE ONE

7.      Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ' failure to properly back up his tractor was a proximate cause of the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

8.      Admit that you had the last clear chance to avoid the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

9.      Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ' failure to control speed was a proximate cause of the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

10.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ'S failure to timely apply its brakes was the proximate cause of the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

11.     Do you admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was negligent with respect to the occurrence of the car accident?

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

12.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was more than 50% in causing the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

13.     Admit that the cause of that car accident was NOT due to a sudden emergency.

<u>ANSWER</u>

C-3011-20-C

ADMIT/DENY     CHOOSE ONE

14.     Admit that the cause of the car accident was NOT unavoidable.

ANSWER

ADMIT/DENY     CHOOSE ONE

15.     Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY     CHOOSE ONE

16.     Admit that you understand that if the jury awards PLAINTIFF'S RODOLFO RIVAS LEAL any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY     CHOOSE ONE

17.     Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

ADMIT/DENY     CHOOSE ONE

18.     Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the car accident.

ANSWER
ADMIT/DENY     CHOOSE ONE


19.     Admit that the weather did not play a role in this car accident.

ANSWER

ADMIT/DENY     CHOOSE ONE

20.     Admit that the road condition did not play a role in this car accident.

ANSWER

**C-3011-20-C**

ADMIT/DENY    CHOOSE ONE

21.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was not driving under emergency conditions prior to the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

22.    Admit that at least one person in the car accident could have avoided the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

23.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ could have avoided the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

24.    Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT has no facts to support a contention that PLAINTIFF could have avoided the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

25.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ could have avoided the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

26.    Admit that PLAINTIFF'S RODOLFO RIVAS LEAL injuries were not the result of injuries sustained subsequent to and not related to the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

27.    Admit that DEFENDANTS have no facts to support a contention that PLAINTIFF'S RODOLFO RIVAS LEAL'S injuries were not the result of injuries sustained subsequent to and not

C-3011-20-C

related to the car accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

28.    Admit that the negligence of PLAINTIFF RODOLFO RIVAS LEAL if any, did not proximately cause the car accident made the basis of this suit.

ANSWER

ADMIT/DENY    CHOOSE ONE

29.    Admit that PLAINTIFF RODOLFO RIVAS LEAL did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

30.    Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT has no facts to support a contention that PLAINTIFF RODOLFO RIVAS LEAL did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

31.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ failed to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

32.    Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT has no facts to support a contention that the car accident made this basis of this suit was not an unavoidable car accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

33.    Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

**C-3011-20-C**

ADMIT/DENY    CHOOSE ONE

34.      Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY    CHOOSE ONE

35.      Admit that medical treatment received by PLAINTIFF'S, RODOLFO RIVAS LEAL were necessary.

ANSWER

ADMIT/DENY    CHOOSE ONE

36.      Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT has no facts to support a contention that medical treatment received by PLAINTIFF'S RODOLFO RIVAS LEAL was necessary.

ANSWER

ADMIT/DENY    CHOOSE ONE

37.      Admit that charges for the medical treatment received by PLAINTIFF'S, RODOLFO RIVAS LEAL was reasonable.

ANSWER

ADMIT/DENY    CHOOSE ONE

38.      Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT'S Corporate Representative personally answered these admissions.

ANSWER

ADMIT/DENY    CHOOSE ONE

39.      Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT'S lawyer answered these admissions.

ANSWER

**C-3011-20-C**

ADMIT/DENY    CHOOSE ONE

40.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was not properly trained by DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, to drive the vehicle he drove in the car accident at hand.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

41.     Admit that DEFENDNAT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, did not provide adequate training to drivers on procedures after a car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

42.     Admit that DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, did not adequately maintain their vehicles.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

43.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was an unlicensed driver at the time of the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

44.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was an incompetent driver at the time of the car accident.

<u>ANSWER</u>
ADMIT/DENY    CHOOSE ONE

45.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was a reckless driver at the time of the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

46.     Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ' negligence

**C-3011-20-C**

caused the car accident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

47.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ failed to operate the vehicle as a prudent driver on or about APRIL 9, 2019.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

48.    Admit that DEFENDANT, JUAN HUMBERTO HERNANDEZ MUNIZ was under the scope of employment with DEFENDANT, ROCIA KARINA GUTIERREZ DE HOYOS D/B/A BORDER FREIGHT, at the time of this incident.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

19